**RECORD NO. 12-4792**

In The
# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

v.

## KOFIE AKIEM JONES,

*Defendant – Appellant*.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG**

---

**PETITION FOR REHEARING AND
FOR REHEARING *EN BANC***

---

E. Ryan Kennedy
ROBINSON & McELWEE PLLC
140 West Main Street, Suite 300
Post Office Box 128
Clarksburg, West Virginia 26301
(304) 622-5022

*Counsel for Appellant*

---

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES..............................................ii

I.   STATEMENT OF PURPOSE.........................................1

II.  INTRODUCTION.................................................1

III. STATEMENT OF FACTS...........................................2

IV.  ARGUMENT AND AUTHORITIES.....................................5

     A.   The panel should have found that the District
          Court abused its discretion in failing to vary
          downward from the sentencing guidelines, given
          the remarkable rehabilitation undergone by the
          Petitioner..............................................5

     B.   The panel should have found that the District
          Court erred in finding brandishing of a firearm
          as a result of a special interrogatory to a jury
          instead of as a sentencing finding made by the
          Court. As a result, the issue of whether a
          firearm was brandished was effectively undecided......9

          1.   "Brandishing" is a sentencing factor for a
               sentencing judge to find, not an element of
               the offense for determination by a jury..........9

          2.   The brandishing instruction was
               insufficiently defined for the jury.............10

          3.   The brandishing instruction required a
               specific unanimity instruction..................10

          4.   In any event, there was insufficient
               evidence to find brandishing....................11

IV.  CONCLUSION..................................................12

CERTIFICATE OF FILING AND SERVICE

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Harris v. United States*,
    122 S. Ct. 2406 (2002)......................................9

*Pepper v. United States*,
    131 S. Ct. 1229 (2011)......................................6

*United States v. Booker*,
    125 S. Ct. 738 (2005)...................................5, 6

*United States v. Bowen*,
    527 F.3d 1065 (10th Cir. 2008)............................9

*United States v. Groce*,
    398 F.3d 679 (4th Cir. 2005).............................9

*United States v. Lettiere*,
    640 F.3d 1271 (11th Cir. 2011)...........................10

*United States v. Lyons*,
    472 F.3d 1055 (9th Cir. 2007)............................11

*United States v. Pileggi*,
    703 F.3d 675 (4th Cir. 2013).............................2

*United States v. Roach*,
    28 F.3d 1212 (4th Cir. 1994).............................11

*United States v. Tapio*,
    634 F.2d 1092 (8th Cir. 1980)............................10

*United States v. Taylor*,
    933 F.2d 307 (5th Cir. 1991).............................10

*United States v. Torcasio*,
    959 F.2d 503 (4th Cir. 1992).............................11

*United States v. Williams*,
    376 F.3d 1048 (10th Cir. 2004)...........................10

**STATUTES**

18 U.S.C. § 924(c)(4)......................................11, 12

18 U.S.C. § 2255.................................................4

18 U.S.C. § 3553(a)...........................................5, 6

18 U.S.C. § 3553(a)(4)...........................................5

18 U.S.C. § 3559(c)(1)(A)(i).....................................2

**GUIDELINE**

U.S.S.G. § 1B1.1................................................12

## I. STATEMENT OF PURPOSE

The panel should have reversed the District court because (1) the District Court abused its discretion in failing to vary downward from the sentencing guidelines, given the remarkable rehabilitation undergone by the Petitioner and (2) the District Court erred in finding brandishing of a firearm as a result of a special interrogatory to a jury instead of as a sentencing finding made by the Court.

## II. INTRODUCTION

In counsel's judgment, the panel should have reversed the District Court because (1) the District Court abused its discretion in failing to vary downward from the sentencing guidelines, given the remarkable rehabilitation undergone by the Petitioner and (2) the District Court erred in finding brandishing of a firearm as a result of a special interrogatory to a jury instead of as a sentencing finding made by the Court.

The second issue above is a legal question of exceptional importance. The issue of whether or not the District Court should have dismissed Count Six based upon a lack of brandishing comes with it over 25 years of petitioner's life and would further affect the lives of other similarly situated persons.

1

## III. STATEMENT OF FACTS

This case has a long and complex procedural history which stretches for nearly ten years and is recited more fully in Petitioner's opening brief.

On May 17, 2004, the United States District Court for the Northern District of West Virginia conducted a sentencing hearing. JA 13. During that sentencing hearing, the Court sentenced the Petitioner to life imprisonment based upon 18 U.S.C. § 3559(c)(1)(A)(i), commonly known as the "Three Strikes" statute. JA 293. The Court found that the Petitioner had two prior qualifying "serious violent felonies." JA 290. The first felony was a robbery in Maryland, for which Petitioner was convicted in 1996. JA 289. The second felony was a second degree assault in Maryland for which the Petitioner was convicted in 2001. JA 284. Because the District Court found that the mandatory life sentence applied, it was not required to consider brandishing or variance sentencing outside of the Guidelines. Therefore, those issues were not before this Court on the first appeal.[1]

---

[1] The panel cites *United States v. Pileggi*, 703 F.3d 675, 680 (4th Cir. 2013) to support its conclusion that the brandishing issue was waived by it not being included in Petitioner's first appeal. *Pileggi* is inapposite because the issue of restitution in that case could have been raised in the first appeal with relief granted. Pileggi simply failed to raise it. In the instant case, conversely, Petitioner could not have received relief for the brandishing error in his first appeal because he

2

On May 26, 2004, Petitioner filed a timely notice of appeal. JA 316. After the appeal was fully briefed, on February 11, 2005, this Court entered a judgment affirming the decision of the District Court. JA 328-35.

During his time in prison, when he had no hope of ever being released, he nonetheless underwent remarkable rehabilitation. He has completed multiple courses in subjects such as the Bible, anger management, public speaking, life skills, personal finance, and business concepts. JA 808-26. He has also volunteered with the institution's band music program and the flag football program as a referee. *Id*.

Additionally, Petitioner has received glowing character references attesting to his remarkable rehabilitation from both people who knew him prior to his imprisonment and those who have met him during him imprisonment. JA 827-40. Among these individuals are a retired federal government employee with a Top Secret clearance, a minister, the chaplain at the prison, the

---

was subject to a mandatory "Three Strikes" life sentence regardless of whether there was brandishing or not. Hence, in that first appeal, any such error would have been harmless error. Petitioner was wrongfully convicted of at least one of the two underlying felonies which lead to his original life sentence. After years of struggling, he finally prevailed and the Maryland State Courts vacated one of those convictions. Now that his life sentence has been vacated due to the vacation of an underlying state conviction, however, Petitioner could be awarded substantial relief in this appeal which would reduce his sentence by 25 years. This Court should permit Petitioner, after almost ten years of fighting to return to his family, the opportunity to return earlier based on this now-important error.

3

recreational specialist at the prison, and the president of the local chapter of the NAACP. *Id*.

On April 26, 2011, Petitioner filed another 2255 motion based upon the fact that his conviction for one of his two serious violent felonies had been vacated by the state court in Maryland. JA 545-49. Therefore, he should be resentenced as the Three Strikes statute no longer applied to him. *Id*. Two days later, on April 28, 2011, United States Magistrate Judge James E. Seibert entered a report and recommendation which recommended that the motion be denied on the erroneous ground that it was a second and successive motion. JA 550-54. Petitioner filed objections on June 6, 2011 and the report and recommendation was adopted by order of the District Court on June 10, 2011. JA 557-87.

On March 8, 2012, Petitioner again filed a 2255 motion on the basis that one of his previous serious violent felony convictions had been vacated and so he should be resentenced. JA 588-626. On March 22, 2012, United States Magistrate Judge John S. Kaull entered an order directing the government to respond to the motion. JA 627. On May 17, 2012, the government responded and agreed with the Petitioner that the motion should be granted. JA 628-29. On June 1, 2012, Judge Kaull entered a report and recommendation recommending that the motion be granted and the Petitioner resentenced. JA 630-36. On June 25,

4

2012, the District Court adopted the report and recommendation. JA 643-44.

On September 17, 2012, a resentencing hearing was conducted before the United States District Judge Frederick P. Stamp, Jr. JA 23. During that resentencing hearing, the Court failed to grant a downward variance for extraordinary rehabilitation which the Petitioner had undergone while serving his life sentence and failed to dismiss Count Six on the grounds that the issue of brandishing had not been properly decided. JA 665-91. Petitioner was resentenced to 535 months of incarceration and five (5) years of supervised release. JA 698-703.

A notice of appeal was timely filed on October 3, 2012 and, pursuant to the Petitioner's request, the undersigned was appointed as new counsel on October 18, 2012. JA 704-05.

## IV.  ARGUMENT AND AUTHORITIES

**A.  The panel should have found that the District Court abused its discretion in failing to vary downward from the sentencing guidelines, given the remarkable rehabilitation undergone by the Petitioner.**

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by *United States v. Booker*, 125 S. Ct. 738, 756 (2005),

> requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a).

5

*Booker*, 125 S. Ct. at 757. Thus, under *Booker*, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

In this case, since the time of his original conviction and sentencing, Petitioner has been significantly rehabilitated, progressing into a new and better person. Admirably, he has made these changes while incarcerated with no belief he would ever be released. The District Court should have varied downward from the sentencing guidelines when resentencing him based upon this remarkable rehabilitation.

In *Pepper v. United States*, the Supreme Court held that a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation. 131 S. Ct. at 1236 ("No limitation shall be placed on the information' a sentencing court may consider 'concerning the [defendant's] background, character, and conduct.'"). The Court found that, when imposing any sentence, a court should impose an appropriate sentence based on "'the fullest information possible concerning the defendant's life and characteristics.'" *Id*. at 1235.

Since Petitioner's original sentencing, he has changed his life. He has acknowledged his past mistakes in a personal letter to the district judge and said that he has changed for the better. JA 805-07. He has completed an anger management program. JA 808-26. He has displayed a commitment to his religion — he

6

completed a Bible Correspondence Course and he was baptized in 2009. *Id.*

Additionally, he has received numerous certificates for completing the Souls Harvest Bible Study. *Id.* Petitioner has also shown a commitment to advancing his own education and personal growth, receiving certificates of completion for Public Speaking, Life Skills, and Personal Finance. *Id.* Furthermore, Sumter County, Florida awarded him a diploma for graduating from their Business Concepts Program. *Id.*

Moreover, Petitioner has also shown a commitment to community service. He has supported the NAACP and received a certificate acknowledging his support of the program in 2009. *Id.* Also in 2009, Petitioner contributed to the Band Music Program at the U.S.P. 1 Recreation Department at Coleman, Florida. *Id.* He also completed the Flag Football Referee Class in 2010. *Id.* Finally, numerous family members, staff members, and religious affiliates have written character letters on Petitioner's behalf to attest to the changes that he has made. JA 827-40.

Punishing Petitioner by not varying significantly from his sentencing guidelines did not further any purpose of punishment advanced by Congress. One purpose of punishment is deterrence. Petitioner will not commit a crime in the future. He is motivated to lead a better life through his religious beliefs.

7

The reverend and chaplain of the prison facility wrote character letters on Petitioner's behalf confirming the changes he believes Petitioner has made in this regard. *Id.*

Another purpose of punishment is rehabilitation. A person is convicted so that he may learn the necessary skills to participate as a productive member of society. Petitioner does not need to be further rehabilitated. He has completed several certificate programs while incarcerated not only related to his faith, but also programs to better himself. JA 808-26. He has learned life skills, public speaking, and personal finance. *Id.* Once released, Petitioner will have the support of his family. *Id.* His mother, grandmother, wife, and his children will help him upon release. *Id.*

The last two purposes of punishment are incapacitation and retribution. The idea behind both of these principles is that a person should serve a sentence for the crime he has committed. To support the argument for incapacitation, courts have a strong interest in protecting society from criminals. There is no need to protect society from Petitioner as he is a person committed to nonviolence. Regarding retribution, this factor necessitates a sentence on par with that of his codefendants — no more, no less. Notably, the government remained silent on these issues. JA 655.

**B. The panel should have found that the District Court erred in finding brandishing of a firearm as a result of a special interrogatory to a jury instead of as a sentencing finding made by the Court. As a result, the issue of whether a firearm was brandished was effectively undecided.**

The following errors regarding Count Six, individually and together, require that it be dismissed from sentencing consideration because whether a firearm was brandished was effectively undecided. See *United States v. Groce*, 398 F.3d 679, 682-83 (4th Cir. 2005) (finding defendant's sentence for brandishing a gun must be vacated because there was no factual finding).

**1. "Brandishing" is a sentencing factor for a sentencing judge to find, not an element of the offense for determination by a jury.**

"Brandished" should not have been submitted to the jury to decide. The question of whether a firearm was "used" or "brandished" is a sentencing factor for the judge to determine and not an element of the crime for the jury to decide. *Harris v. United States*, 122 S. Ct. 2406, 2420 (2002); see also *United States v. Bowen*, 527 F.3d 1065, 1073-74 (10th Cir. 2008) (noting the district court erroneously presented the question of whether defendant aided and abetted the "brandishing" of a firearm to the jury). Because, in this case, the question of "brandishing" was erroneously submitted to the jury, the Petitioner cannot be sentenced under Count Six and it should have been dismissed by the District Court. JA 225-54.

9

**2. The brandishing instruction was insufficiently defined for the jury.**

When a court instructs the jury, without objection from the government, that a specific element must be found for a criminal conviction, that element then becomes a necessary element of that particular conviction under the "law of the case" doctrine, even if the element would not have been necessary. See *United States v. Williams*, 376 F.3d 1048, 1051 (10th Cir. 2004); *United States v. Taylor*, 933 F.2d 307, 310 (5th Cir. 1991); *United States v. Tapio*, 634 F.2d 1092, 1094 (8th Cir. 1980). And, just like any other element of an offense, it must be defined sufficiently and correctly for the jury. See *United States v. Lettiere*, 640 F.3d 1271, 1278 (11th Cir. 2011) (J. Tashima, who authored the court's opinion, writing separately to explain that once "the district court undertook to instruct the jury on 'brandish,' even though it was not required to do so as an element of the offense, under the law of the case doctrine, [he] would expressly hold that the district court was bound correctly to instruct the jury."). Here, brandishing went undefined in the jury instructions and, therefore, Count Six should have been dismissed by the District Court. JA 225-54.

**3. The brandishing instruction required a specific unanimity instruction.**

Generally, the "general unanimity instruction suffices to instruct the jury that they must be unanimous on whatever

10

specifications form the basis of the guilty verdict," see *United States v. Lyons*, 472 F.3d 1055, 1068 (9th Cir. 2007), and a specific unanimity instruction is only required if there are "special circumstances." See *United States v. Roach*, 28 F.3d 1212, *2 (4th Cir. 1994) (per curium). "Special circumstances" are found when there is a possibility of juror confusion. *United States v. Torcasio*, 959 F.2d 503, 508 (4th Cir. 1992); see also *Lyons*, *supra*, at 1068 (requiring a specific unanimity instruction if it appears that there is a "genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts.") (internal quotation marks omitted).

In this case, there was clearly the possibility of confusion from having a jury find, without adequate definitions, "use" of a firearm on the one hand and "brandishing" a firearm on the other. JA 225-54.  Therefore, Count Six should have been dismissed by the District Court.

### 4. **In any event, there was insufficient evidence to find brandishing.**

Under 18 U.S.C. § 924(c)(4), "brandishing" is defined as "to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person." The Guidelines definition of

11

"brandish" is effectively identical to § 924(c)(4). See U.S.S.G. § 1B1.1 cmt.n.1(C). Thus, "brandishing" a weapon requires two elements: (1) the open display of the firearm, or knowledge of the firearm's presence by another in some manner, and (2) the purpose of intimidation.

Simply put, there is no evidence in this case that the Petitioner aided and abetted the brandishing of a firearm. While there was a modicum of evidence that a codefendant had a firearm visible during the commission of the Giant Eagle and Huntington Bank robberies, there is no indicia this Petitioner used or produced the weapon in a manner intended to intimidate others. JA 102-34. Therefore, Count Six should have been dismissed by the District Court.

## IV.   **CONCLUSION**

For the reasons stated above, the panel should have reversed the District Court. The Petitioner therefore requests rehearing and rehearing en banc. Should this Court grant the petition, the Petitioner requests oral argument, and he ultimately requests that the Court vacate his sentence and remand for resentencing in accordance with the below.

The advisory sentencing guidelines in this case applied by the Court, were a total offense level of 33 and a criminal history category of III, resulting in a guidelines range of 151 months to 188 months of incarceration on Counts 1, 2, 3 and 5,

12

plus a consecutive 7 year term for Count 4 and a consecutive 25 year term for Count 6, for a total of 535 months of incarceration. JA 502. Had the district court dismissed Count 6 for lack of brandishment, the total offense level would have still been 32, with a criminal history category of III, resulting in a guidelines range of 151 to 188 months of incarceration. Therefore, the low end of the advisory sentencing guidelines would have still been 151 months but the 25 year consecutive statutory sentence would have been eliminated.

The Petitioner is a married father with children. He has already served nine years in prison, which is longer than the high end of the adjusted guidelines, and has already suffered the loss of not being part of his children's lives for important formative years. If his sentence is not reduced, he will miss their baseball games, high school graduations, and possibly even the birth of his grandchildren. He will also be without the companionship of his wife for almost half of a century and lose his youth in a prison cell. A sentence of anywhere within the adjusted advisory guidelines would still sufficiently punish the Petitioner for his crimes, but would allow him rejoin his wife and children much sooner. In the alternative, a downward variance could also return him to his wife and children immediately, as the District Court could have sentenced him to

13

24 months each on Counts 1, 2, 3 and 5, running concurrently, and then seven years on Count 4 to run consecutively. This sentence would have released Petitioner based on time already served.

Therefore, for the reasons stated above, the Petitioner urges this Court to vacate the sentence of the Petitioner and remand to the District Court for resentencing outside the Guidelines or, in the alternative, under a new advisory guideline range of 151 to 188 months without a consecutive 25 year sentence.

    Respectfully Submitted,

**KOFIE AKIEM JONES**

**By Counsel**

**/s/ E. Ryan Kennedy**
E. Ryan Kennedy
(W.Va. State Bar. #10154)
ROBINSON & McELWEE PLLC
140 West Main Street, Suite 300
P.O. Box 128
Clarksburg, West Virginia 26302
Phone:  304-622-5022
*Counsel for Petitioner*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 15th day of April, 2013, I caused this Petition for Rehearing and for Rehearing *en banc* to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Robert H. McWilliams, Jr.
OFFICE OF THE U.S. ATTORNEY
1125 Chapline Street, Suite 3000
Wheeling, West Virginia  26003
(304) 234-7734

*Counsel for Appellee*

/s/ E. Ryan Kennedy
*Counsel for Appellant*